**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

DENIER MARTINEZ ESPINOSA,

*Petitioner*,

v. Case No. 3:26-cv-391-WWB-PDB

WARDEN, BAKER CORRECTIONAL INSTITUTE, et al.,

*Respondents*.

**ORDER**

Petitioner is proceeding on a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, alleging in part that his mandatory detention without an individualized bond hearing under 8 U.S.C. § 1225(b)(2)(A) violates the Immigration and Nationality Act ("**INA**"). (*See* Doc. 1; Doc. 3). As relief, he seeks immediate release or a bond hearing. (Doc. 3 at 2). The Federal Respondents oppose the Petition.[1] (*See* Doc. 13).

The primary dispute between Petitioner and the Federal Respondents is one of statutory construction—whether Petitioner's detention is governed § 1225(b)(2)(A) or § 1226(a). After Petitioner filed his Petition and the Federal Respondents filed their Response, the Eleventh Circuit Court of Appeals issued a decision that resolves this issue in Petitioner's favor. *See Hernandez Alvarez v. Warden*, 175 F.4th 1258 (11th Cir. 2026) (holding that "[t]he text of § 1225(b)(2)(A) is clear that mandatory detention applies only to . . . . arriving aliens seeking entry at the border, whereas § 1226 applies to aliens

[1] The Warden filed a Motion to Dismiss, arguing he is not a proper Respondent. (*See* Doc. 11).

unlawfully in the interior."). Although the Federal Respondents oppose the Petition on the merits, they do not dispute that when Petitioner was detained, he was classified as "an alien present in the United States without being admitted or paroled"; and Petitioner was not detained at the border but entered the country without inspection. (*See* Doc. 13-1 at 1; *see also* Doc. 13 at 2).[2] This Court is bound by the Eleventh Circuit's decision, which mandates that aliens, like Petitioner, who are "unlawfully in the interior" when detained are not subject to mandatory detention under § 1225(b)(2)(A) but are entitled to a bond hearing in accordance with § 1226(a).[3] *See Hernandez Alvarez*, 175 F.4th at 1276. As

[2] In addition to addressing the merits of the claim, the Federal Respondents argue that the Court lacks jurisdiction to consider the Petition; Petitioner failed to exhaust his administrative remedies prior to filing this case; his due process rights have not been violated; and *Zadvydas v. Davis*, 533 U.S. 678 (2001), in inapplicable. (*See* Doc. 13 at 3-6, 10-12). The Court rejects these arguments.

[3] The Court notes it has previously found that aliens, like Petitioner, who have resided in the United States without lawful admission are subject to mandatory detention under § 1225(b)(2)(A). *See Arellano v. Warden, Baker Corr. Inst.,* No. 3:25-cv-1333-WWB-PDB, 2026 WL 1090987, at *2 (M.D. Fla. Apr. 22, 2026) (adopting the plain meaning of the statutes as interpreted by the Fifth and Eighth Circuits in *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026) (holding that "applicant for admission" in § 1225(a)(1) and "seeking admission" in § 1225(b)(2)(A) are synonymous; thus an "alien present in the United States who has not been admitted" "shall be detained") and *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) (finding "[p]resence without admission deems the petitioners to be applicants for admission" subject to § 1225's mandatory detention)). While the Court disagrees with the majority's opinion in *Hernandez Alvarez*, finding Judge Lagoa's well-reasoned dissent to be an accurate interpretation of the law, it recognizes the precedential authority of *Hernandez Alvarez* and acknowledges that it is now the law of this circuit. *See Martin v. Singletary*, 965 F.2d 944, 945 n.1 (11th Cir. 1992) (noting that a published opinion "is the law in this circuit unless and until it is reversed, overruled, vacated, or otherwise modified by the Supreme Court of the United States or by [the Eleventh Circuit] sitting en banc," and that a stay of the mandate "in no way affects the duty of . . . the courts in this circuit to apply now the precedent established by" the published opinion "as binding authority"); 11th Cir. IOP—Cir. R. 36.2 ("Under the law of this circuit, published opinions are binding precedent. The issuance or non-issuance of the mandate does not affect this result.").

such, Petitioner is entitled to relief on the claim that his mandatory detention without an individualized bond hearing under 8 U.S.C. § 1225(b)(2)(A) violates the INA.

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Petition (Doc. 1) is **GRANTED** to the extent that Petitioner is entitled to a bond hearing before an immigration judge in accordance with 8 U.S.C. § 1226(a).[4] Within **seven days** of the date of this Order, Respondents shall either afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release Petitioner. If Respondents release Petitioner, they shall provide Petitioner with access to a telephone to arrange transportation from the detention facility.
2. The Warden's Motion to Dismiss (Doc. 11) is **DENIED**.
3. The Clerk is **DIRECTED** to enter judgment granting the Petition, terminate any pending motions as moot, and close this case.

**DONE AND ORDERED** in Jacksonville, Florida on July 22, 2026.

[4] Because the Court grants relief on Petitioner's claim under the INA, it need not address Petitioner's other claims for relief. *See Banks v. Dretke*, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative"); *see, e.g.*, *Pena-Gil v. Lyons*, No. 25-CV-03268, 2025 WL 3268333, at *4 (D. Colo. Nov. 24, 2025).

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-7
c: Denier Martinez Espinosa, A240617080
Counsel of Record